F. L. DE HOSTOS & Co., Plaintiff and Appellant-Appellee, *v.* JOSÉ MADERA, Defendant and Appellee-Appellant.

No. 5594. Argued May 24, 1932.—Decided June 3, 1932.

E. H. F. Dottin for appellant-appellee. A. Quirós Méndez for appellee-appellant.

MR. JUSTICE ALDREY delivered the opinion of the Court.

After an attachment had been decreed in this action, a levy was made upon certain funds to be paid by the Treasurer of Puerto Rico to the defendant, in his capacity as building contractor of four schoolhouses, upon presentation of a certificate from the Commissioner of the Interior as to the amount of the work executed by the defendant. The marshal did not seize the above certificate nor the funds but served notice on the Commissioner of the Interior not to deliver the

said certificate to the defendant, and also on the Treasurer of Puerto Rico not to pay the amount thereof. The District Court of San Juan, relying on the case of *Crédito y Ahorro Ponceño* v. *Colón,* 36 P.R.R. 308, vacated said attachment, as in its judgment the funds involved were not subject to garnishment. The present appeal has been taken from that decision.

The appellant argues that if this Court held in *Crédito y Ahorro Ponceño* v. *Colón, supra,* and *Lamboglia* v. *The School Board of Guayama,* 15 P.R.R. 299, that property such as that involved in the present case could not be attached, the reason was that The People of Puerto Rico could not at that time be sued without its consent if it disposed of the attached funds; but as subsequently there had been passed Act No. 11 of April 18, 1928, authorizing suits against The People of Puerto Rico in actions for damages, which would be the remedy available against it if it disposed of the attached funds, the attachment of such property lies now.

The decisions in the cases cited did not rest on the assumption that The People of Puerto Rico could not be sued without its consent, but on the principle that funds for public works are not subject to attachment and that the funds of a contractor in the hands of a public corporation can not be garnished. The fact that The People of Puerto Rico can now be sued in damages does not render this class of property liable to attachment.

The only error assigned having been disposed of, the order appealed from must be affirmed.